## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLOS POZAS ALVARENGA
c/o 519 H Street NW
Washington, DC 20001

DAVID POZAS RAMIREZ
c/o 519 H Street NW
Washington, DC 20001


      Plaintiffs,

v.

TORYUMON JAPANESE HOUSE, INC.
d/b/a TORYUMON JAPANESE HOUSE
1901 Pennsylvania Avenue NW
Washington, DC 20006

TAO LIN
3816 Ridge Road
Annandale, VA 22003

FANGHUANG LIN
3816 Ridge Road
Alexandria, VA 22003

      Defendants.

Civil Action No. _____

## COMPLAINT

1.     While Plaintiffs worked at Defendants' upscale Japanese restaurant as kitchen laborers,

Defendants paid Plaintiffs a flat semimonthly salary that denied them minimum and overtime

wages. Furthermore, Defendants failed to provide Plaintiffs with legally-required paid safe and

sick leave.

2.      Plaintiffs bring this action against Toryumon Japanese House, Inc., Tao Lin, and Fanghuang Lin ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, and to provide safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-531.01 *et seq.*

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5.      Plaintiff Carlos Pozas Alvarenga ("Plaintiff Alvarenga") is an adult resident of the District of Columbia.

6.      Plaintiff David Pozas Ramirez ("Plaintiff Ramirez") is an adult resident of New York.

7.      Defendant Toryumon Japanese House, Inc. is a District of Columbia corporate entity. It does business as Toryumon Japanese House. Its principal place of business is located at 1901 Pennsylvania Avenue NW, Washington, DC 20006. Its registered agent for service of process is Ace Corporate Services, Inc., 250 11th Street NE, Washington, DC 20002.

8.      Defendant Tao Lin is an adult resident of Virginia. He resides at 3816 Ridge Road, Annandale, VA 22003. He is an owner and officer of Defendant Toryumon Japanese House, Inc. He exercises control over the operations of Toryumon Japanese House, Inc. — including its pay practices.

9.      Defendant Fanghuang Lin is an adult resident of Virginia. He resides at 3816 Ridge Road, Annandale, VA 22003. He is an owner and officer of Defendant Toryumon Japanese House, Inc. He exercises control over the operations of Toryumon Japanese House, Inc. — including its pay practices.

10.      Defendants own and operate the restaurant Toryumon Japanese House, located at 1901 Pennsylvania Avenue NW, Washington, DC 20006.

**Factual Allegations Specific to Plaintiff Alvarenga**

11.      Plaintiff Alvarenga worked at Toryumon Japanese House from approximately June 10, 2019 through approximately October 20, 2019.

12.      Plaintiff Alvarenga worked at Toryumon Japanese House as a kitchen laborer.

13.      Plaintiff Alvarenga's job duties at Toryumon Japanese House primarily consisted of washing dishes and preparing ramen.

14.      Plaintiff Alvarenga typically and customarily worked six days per week.

15.      Plaintiff Alvarenga typically and customarily worked sixty-four hours per week.

16.      Plaintiff Alvarenga typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|---|
| Monday | 11:00 a.m. | 10:00 p.m. | 1 hour | 10.0 |
| Tuesday | 11:00 a.m. | 10:00 p.m. | 1 hour | 10.0 |
| Wednesday | 11:00 a.m. | 10:00 p.m. | 1 hour | 10.0 |
| Thursday | 11:00 a.m. | 10:00 p.m. | 1 hour | 10.0 |
| Friday | 11:00 a.m. | 10:00 p.m. |  | 12.0 |
| Saturday | 11:00 a.m. | 10:00 p.m. |  | 12.0 |
| Sunday | *Off* | | | |
|  |  |  |  | **64.0 hours total** |

3

17.     Defendants paid Plaintiff Alvarenga according to the number of days he worked.

18.     Defendants paid Plaintiff Alvarenga semimonthly.

19.     Defendants paid Plaintiff Alvarenga approximately the following amounts twice a month:

| Approximate Dates | Semimonthly Payment | Effective Hourly Rate |
|---|---|---|
| Jun. 10, 2019–Aug. 11, 2019 | $1,100.00 | $7.93 |
| Aug. 12, 2019–Aug. 31, 2019 | $1,150.00 | $8.29 |
| Sep. 01, 2019–Oct. 20, 2019 | $1,200.00 | $8.65 |

20.     At all relevant times, Defendants paid Plaintiff Alvarenga in cash.

21.     Plaintiff Alvarenga worked more than forty hours per workweek for Defendants.

22.     At all relevant times, Defendants paid Plaintiff Alvarenga the same effective hourly rate across all hours worked.

23.     At all relevant times, Defendants did not pay Plaintiff Alvarenga overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

24.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Alvarenga the applicable D.C. minimum wage.

25.     D.C. law required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

26.     Defendants owe Plaintiff Alvarenga approximately $10,010.00 in minimum and overtime wages (excluding liquidated damages).

### Factual Allegations Specific to Plaintiff Ramirez

27.     Plaintiff Ramirez worked at Toryumon Japanese House from approximately May 1, 2019 through approximately March 15, 2020.

28.     Plaintiff Ramirez worked at Toryumon Japanese House as a kitchen laborer.

29.     Plaintiff Ramirez's job duties at Toryumon Japanese House primarily consisted of preparing meats and vegetables, washing dishes, cleaning, sweeping, and moping the floors, and cleaning the grills and kitchen workstations.

30.     Plaintiff Ramirez typically and customarily worked six days per week.

31.     Plaintiff Ramirez typically and customarily worked sixty-four hours per week.

32.     Plaintiff Ramirez typically and customarily worked the following schedule:

| | Start Time | End Time | Break Time | Hours Worked |
|---|---|---|---|---|
| Monday | | Off | | |
| Tuesday | 11:00 a.m. | 10:00 p.m. | 1 hour | 10.0 |
| Wednesday | 11:00 a.m. | 10:00 p.m. | 1 hour | 10.0 |
| Thursday | 11:00 a.m. | 10:00 p.m. | 1 hour | 10.0 |
| Friday | 11:00 a.m. | 11:00 p.m. | | 12.0 |
| Saturday | 11:00 a.m. | 11:00 p.m. | | 12.0 |
| Sunday | 12:00 p.m. | 10:00 p.m. | | 10.0 |
| | | | | **64.0 hours total** |

33.     At all relevant times, Defendants paid Plaintiff Ramirez according to the number of days he worked.

34.     At all relevant times, Defendants paid Plaintiff Ramirez semimonthly.

35.     Defendants paid Plaintiff Ramirez approximately the following amounts twice a month:

| Approximate Dates | Semimonthly Payment | Effective Hourly Rate |
|---|---|---|
| May 01, 2019–Jun. 30, 2019 | $1,100.00 | $7.93 |
| Jul. 01, 2019–Aug. 31, 2019 | $1,150.00 | $8.29 |
| Sep. 01, 2019–Dec. 31, 2019 | $1,200.00 | $8.65 |
| Jan. 01, 2020–Feb. 29, 2020 | $1,250.00 | $9.01 |
| Mar. 01, 2020–Mar. 15, 2020 | $1,300.00 | $9.37 |

36.     At all relevant times, Defendants paid Plaintiff Ramirez in cash.

37.     Plaintiff Ramirez worked more than forty hours per workweek for Defendants.

38.     At all relevant times, Defendants paid Plaintiff Ramirez the same effective hourly rate across all hours worked.

39.     At all relevant times, Defendants did not pay Plaintiff Ramirez overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

40.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Ramirez the applicable D.C. minimum wage.

41.     D.C. law required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

42.     Defendants owe Plaintiff Ramirez approximately $23,300.00 in minimum and overtime wages (excluding liquidated damages).

43.     Furthermore, Defendants never provided Plaintiff Ramirez with paid leave as required by the ASSLA. D.C. Code § 32-531.02.

44.     Plaintiff Ramirez lost wages in 2019 and 2020 because he was sick.

45.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff Ramirez approximately $450.00 in lost wages and compensatory damages.

46.     Defendants should have provided Plaintiff Ramirez with three days of paid leave in 2019 and one day of paid leave in 2020.

47.     Defendants also owe Plaintiff Ramirez $2,000.00 — $500.00 of statutory damages for each accrued day of leave denied, regardless of whether he took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

### Factual Allegations Common to All Plaintiffs

48.     Defendant Fanghuang Lin hired or participated in the decision to hire Plaintiffs.

49.     Defendant Fanghuang Lin set or participated in setting Plaintiffs' work schedule.

50.     Defendant Fanghuang Lin participated in clocking the Plaintiffs in and out of work.

51.     Defendant Fanghuang Lin supervised Plaintiffs.

52.     Defendant Fanghuang Lin set or participated in the decision to set Plaintiffs' salary.

53.     Defendant Fanghuang Lin handed Plaintiffs their pay.

54.     Defendant Tao Lin hired or participated in the decision to hire Plaintiffs.

55.     Defendant Tao Lin set or participated in setting Plaintiffs' work schedule.

56.     Defendant Tao Lin supervised Plaintiffs.

57.     Defendant Tao Lin set or participated in the decision to set Plaintiffs' salary.

58.     Defendant Tao Lin fired Plaintiff Pozas Alvarenga.

59.     Defendant Tao Lin and Fanghuang Lin participated in creating a punch clock system for Plaintiffs and their coworkers. But Plaintiffs typically would not punch their own timecards. Instead, Defendants Tao Lin and Fanghuang Lin typically punched each Plaintiffs' timecards.

60.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

61.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

62.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

63.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

64.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

65.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable D.C. minimum wage.

66.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

67.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

68.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

69.     At all relevant times, Defendants had employees who handled food products, such as chicken, fish, or vegetables, that had been raised, caught, or grown outside of the District of Columbia.

## COUNT I

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

70.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

71.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

72.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

73.     Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

74.     Defendants' violations of the FLSA were willful.

75.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

76.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

77.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

78.     The DCMWA required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

79.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

80.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

81.     Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

82.     Defendants' violations of the DCMWA were willful.

83.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

84.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

85.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

86.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

9

87.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

88.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

89.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

90.     Defendants' violations of the DCWPCL were willful.

91.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## COUNT IV
### FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

92.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

93.     Each defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-531.01.

94.     The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-531.02(a).

95.     Defendants violated the ASSLA by not providing Plaintiffs the required paid leave.

96.     For Defendants' violations of the ASSLA, Defendants also owe Plaintiffs $500.00 of statutory damages for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-531.12(b).

97.     For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiffs' reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. D.C. Code § 32-531.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$140,230.60**, and grant the following relief:

   a.     Award Plaintiffs $133,240.00, consisting of the following overlapping elements:

   i.     unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

11

  iii.  unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiffs $2,450.00, consisting of the following:

  i.  $450.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.02(e);

  ii.  $2,000.00 in statutory damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-531.12(b);

c. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

d. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,138.60);

e. Award Plaintiffs court costs (currently, $402.00); and

f. Award any additional relief the Court deems just.


Date: March 19, 2021         Respectfully submitted,

                /s/ Justin Zelikovitz
                JUSTIN ZELIKOVITZ, #986001
                DCWageLaw
                519 H Street NW
                Washington, DC 20001
                Phone: (202) 803-6083
                Fax: (202) 683-6102
                justin@dcwagelaw.com

                *Counsel for Plaintiffs*